**STATE of Missouri, Respondent,**

v.

**Lorenzo CALLIES, Appellant.**

**No. 46497.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 13, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Jan. 17, 1984.

Application to Transfer Denied
Feb. 15, 1984.

Debra Buie Arnold, Asst. Public Defender, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Burglary. Investigating police arrested defendant Lorenzo Callies as he crawled out of a newly made hole in the foundation of the burglarized liquor store. Pursuant to the jury verdict and evidence of prior felonies the court sentenced defendant to 15 years in prison.

Defendant's only point challenges the denial of his objection to a part of the prosecutor's closing argument:

> "Now, you've seen the evidence and quite frankly, if you come back as jurors in two or three years you will never see a stronger burglary case. Never."

By defendant's brief he contends this argument was erroneous by inviting comparison with evidence in other cases. We note the argument did not refer to past cases but to hypothetical future cases.

Here, defendant cites *State v. Reed*, 629 S.W.2d 424 [5–7] (Mo.App.1981). That case criticized extraneous jury argument but held this does not in itself spell abuse of trial court discretion. The court further ruled challenged jury argument must be so prejudicial on appeal it can be said it so "tipped the scales" as to deny defendant a fair trial.

Looking back to the challenged argument here we cannot say it rose to that level.

More akin to our case is *State v. Jones*, 491 S.W.2d 271[1] (Mo.1973). There in closing argument the prosecutor said: "I have seen very few cases sewed up as tight as this one." The supreme court held this did not constitute a personal belief by the prosecutor of defendant's guilt. So it is here.

Affirmed.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.